UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIAN LUDKIEWICZ, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>UNUM LIFE INSURANCE COMPANY )<br>OF AMERICA, )<br>)<br>Defendant ) | Civil Action No. 04-30039-MAP |

## NOTICE OF REMOVAL

To:   The Judges of the United States District Court for the District of Massachusetts

Unum Life Insurance Company of America ("Unum"), a corporation organized and existing under the laws of the State of Maine, by counsel, pursuant to 28 U.S.C. §§ 1441, et seq., requests removal of a civil action commenced in the Hampden County District Court, styled Marian Ludkiewicz v. Unum Life Insurance Company of America, Docket No. 03430347. In support of removal, Unum respectfully states:

1. Plaintiff commenced this action by filing a Complaint (the "Complaint") against Defendant in the Hampden County District Court of Massachusetts. Plaintiff alleges claims for failure to pay benefits pursuant to a group long-term disability insurance policy issued by Unum. Copies of all process, pleadings, and other orders served upon Unum are attached hereto as Exhibit A.

2. Defendant received service of the Complaint and Summons no sooner than February 4, 2004.

{W0208910.1}

3. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e), and the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a).

4. The policy provided by Unum pursuant to which Plaintiff claims benefits is a group disability insurance policy established by Plaintiff's employer for the benefit of its employees. As such, it is an "employee welfare benefit plan" for purposes of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. ERISA preempts all state laws relating to the plan. 29 U.S.C. § 1144. A proper action to recover benefits due under the plan can be brought only pursuant to 29 U.S.C. § 1132(a)(1)(B).

5. Defendant desires to remove this action to this Court.

6. Pursuant to 28 U.S.C. § 1446(b), removal is timely filed within thirty days after service upon Defendant of the initial pleading setting forth the claims for relief. *See Murphy Bros., Inc. v. Michetti Pipe Stringing*, 526 U.S. 344, 348, 354 (1999).

7. Pursuant to 28 U.S.C. § 1446(d), the Defendant will shortly be filing a copy of the Notice of Removal with the Hampden County District Court, and sending copies of the Notice to Plaintiff's counsel.

8. Pursuant to the United States District Court for the District of Massachusetts Local Rule 81.1(a), Defendants will file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court.

WHEREFORE, Defendant respectfully requests that the above-captioned action be removed from the Hampden County District Court to this Court.

DATED: 2/20/04

                                           _____
                                           John J. Aromando
                                           Bar Reg. No. 545648

                                           Pierce Atwood
                                           One Monument Square
                                           Portland, ME 04101
                                           (207) 791-1100

                                           *Attorneys for Defendant*
                                           *Unum Life Insurance Company of America*

{W0208910.1}

# Commonwealth of Massachusetts
# District Courts of Massachusetts

MASSACHUSETTS TRIAL COURT, PALMER DIVISION

___Hampden___, ss                                        Palmer, Mass.

Marian Ludkiewicz
_____
          Plaintiff(s)              Civil Action No. ___03430347___

          v

Unum Life Insurance Co. of America
_____          **SUMMONS**
          Defendant(s)                (Rule 4)

To defendant __Unum Life Ins. Co. of Amercia__ of __2211 Congress St., Portland, ME__
                         (name)                                    (address)

You are hereby summoned and required to serve upon __Michael J. Chernick, Esq.__, plaintiff('s attorney), whose address is __73 State St., Ste. 310, Spfld., MA 01103__, a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS __Patricia T. Poehler__, Presiding Justice, on __1-26-04__
                                                              (date)

(SEAL)                                              _E. Donald Riddle_ (signature)
                                                    Clerk - Magistrate

Note: (1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
      (2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

## RETURN OF SERVICE

On __02-04-04__, I served a copy of the within summons, together with a copy of the
    (date of service)
complaint in this action, upon the within named defendant, in the following manner (see Rule 4 (d) (1-5)):

RECEIVED
FEB - 4 2004
LEGAL DEPARTMENT

_____ (signature)
___D/Chris?___ (name and title)
_____ (address)

Note: (1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4(f).
      (2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.
      (3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, sec. 31).

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH

HAMPDEN, SS                   DISTRICT COURT DEPARTMENT
                              PALMER DIVISION
                              CIVIL ACTION NO.

MARIAN LUDKIEWICZ,            )
    Plaintiff              )
                              )
                              )
v.                            )
                              )
UNUM LIFE INSURANCE COMPANY OF AMERICA, )
    Defendant              )

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

1. The Plaintiff, MARIAN LUDKIEWICZ , is a natural person residing at 1041 Pine Street, Palmer, Hampden County, Massachusetts.

2. The Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, is a corporation licensed to do business in the Commonwealth of Massachusetts with a usual place of business at 2211 Congress Street, Portland, Maine.

### COUNT I

3. On or about March 1, 1995, the Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, issued a standard group disability income insurance policy providing coverage to the Plaintiff, MARIAN LUDKIEWICZ, for coverage against disability or other loss resulting from sickness or injury.

4. UNUM LIFE INSURANCE COMPANY OF AMERICA policy number 101904 issued to the Plaintiff's employer, EC Baldonado Corporation dba The EC Corporation, was in effect from March 1, 1995 to the present, and was in full force on March 25, 2001.

5. On or about March 25, 2001, the Plaintiff, MARION LUDKIEWICZ, was employed by EC Baldonado Corporation dba The EC Corporation, and was eligible for benefits under the group disability income insurance policy provided by the Defendant.

6. On or about March 25, 2001, the Plaintiff, MARION LUDKIEWICZ, was deemed unfit from performing the material and substantial duties of his regular occupation by his medical provider.

7. As a result of said medical condition, the Plaintiff filed an application for disability benefits with the Defendant.

8. The Defendant did receive disability benefits from October, 1998 through March, 2001.

9. Subsequently. the Defendant discontinued the plaintiff's disability benefits, alleging the plaintiff could perform "sedentary or light work" and plaintiff has not been paid any disability income benefits since March 25, 2001, despite receipt of medical documentation substantiating Plaintiff's ongoing disability which prohibits him from performing the material and customary duties of his regular occupation.

10. The Defendant refused and still refuses and neglects to carry out the terms of the disability income policy.

11. The Plaintiff has at all times cooperated fully with the Defendant in accordance with the terms and provisions of the disability income insurance policy issued by the Defendant.

WHEREFORE, the Plaintiff, MARIAN LUDKIEWICZ, demands:

1. That the Defendant be ordered to reinstate Plaintiff's disability income benefits, including retroactive benefits dating back to the date of the last benefits payment made;

2. The Defendant be ordered to pay the Plaintiff interest, costs and attorney's fees; and

3. For any such further relief as this Court deems reasonable.

## COUNT II

12. The Plaintiff repeats, realleges and incorporates by reference the allegations in Paragraphs 1 through 11, as if specifically contained herein.

13. The Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, has denied disability income benefits to the Plaintiff in accordance with the terms and conditions of the policy.

14. By certified mail dated May 21, 2003, the Plaintiff, through counsel, sent the Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, a demand letter under the provisions of M.G.L. c. 93A and M.G.L. c. 176D setting forth the details of his claim referred to in Count I hereinabove. (See Exhibit "A", which is attached and incorporated herein.)

15. The Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, has refused to pay any additional disability income benefits or make any reasonable offers of settlement in response to said demand letter.

16. The Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, is separately liable for the aforementioned statutory violations in the amount of whatever judgment is rendered to in this lawsuit and all legal fees related thereto.

17. Further, Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA'S violation being willful and knowing, subjects the Defendant to treble damages.

WHEREFORE, the Plaintiff, MARIAN LUDKIEWICZ, demands judgment against the Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, as follows:

1. For compensation for the said injuries he received as a result of said Defendant's breach of contract;

2. For treble damages as provided by M.G.L. c. 93A and M.G.L. c. 176D; and

3. For attorney's fees, interests and costs.

PLAINTIFF RESPECTFULLY DEMANDS THAT ALL ISSUES OF FACT BE TRIED BEFORE A JURY.

> THE PLAINTIFF,
> MARIAN LUDKIEWICZ
>
> By: _____
> Michael J. Chernick, Esquire
> 73 State Street, Suite 310
> Springfield, MA 01103
> (413) 733-1312
> BBO No. 543616

| STATEMENT OF DAMAGES<br>St. 1996, c. 358, § 5 | DATE FILED (to be added by Clerk) | DOCKET NO. (to be added by Clerk) | Trial Court of Massachusetts<br>District Court Department |
|---|---|---|---|

PLAINTIFF(S): Marian Ludkiewicz

DEFENDANT(S): Unum Life Insurance Company of America

INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES IN BARNSTABLE, BERKSHIRE, BRISTOL, DUKES, ESSEX, FRANKLIN, HAMPDEN, HAMPSHIRE, MIDDLESEX, NANTUCKET AND NORFOLK COUNTIES.

Palmer _____ DISTRICT COURT

### TORT CLAIMS — AMOUNT

A. Documented medical expenses to date:
  1. Total hospital expenses: $ _____
  2. Total doctor expenses: $ _____
  3. Total chiropractic expenses: $ _____
  4. Total physical therapy expenses: $ _____
  5. Total other expenses (Describe): _____ $ _____

SUBTOTAL: $ _____

B. Documented lost wages and compensation to date: $ _____
C. Documented property damages to date: $ _____
D. Reasonably anticipated future medical and hospital expenses: $ _____
E. Reasonably anticipated lost wages: $ _____
F. Other documented items of damage (Describe): _____ $ _____

G. Brief description of Plaintiff's injury, including nature and extent of injury (Describe): _____

For this form, disregard double or treble damage claims; indicate single damages only. TOTAL: $ _____

### CONTRACT CLAIMS — AMOUNT

Provide a detailed description of claim(s): Plaintiff alleges breach of contract for failure to pay disability benefits pursuant to his group policy. Plaintiff also alleges MGLc 93A and 176D violations for failure to engage in reasonable settlement negotiations.

approx. $16,170.00
and continuing

For this form, disregard double or treble damage claims; indicate single damages only. TOTAL: $16,170.00 to date

ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF):

Signature: [signed]
Date: 9/8/03
Print or Type Name: Michael J. Chernick
B.B.O.#: 543616
Address: 73 State St., Ste. 310, Spfld., MA 01103

DEFENDANT'S NAME AND ADDRESS: