| Trial Court of Massachusetts District Court Department | DATE 09/12/03 | TIME STANDARDS TRIAL REQUEST DEADLINE | DOCKET NUMBER 0343 CV 347 |
|---|---|---|---|
| | PLAINTIFF MARIAN LUDKIEWICZ | | DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA |

## 04-30039-MAP

Palmer District Court
235 Sykes Street
Palmer, MA 01069-1191

| PLAINTIFF ATTORNEY | DEFENDANT ATTORNEY |
|---|---|
| MICHAEL J. CHERNICK, ESQ. 73 State St., Ste. 310 Springfield, MA 01103 413-733-1312 | JOHN J. AROMANDO, ESQ. Pierce Atwood One Monument Square Portland, ME 04101 |

MONEY DAMAGE ACTION (TIME STANDARDS)
☐ Remand   ☒ District Court Filing   ☐ SUMMARY PROCESS   ☐ VICTIM VIOLENT CRIME   ☒ OTHER CIVIL

### DOCKET ENTRIES

| NO. | DATE | | |
|---|---|---|---|
| 1. | 01/16/04 | Complaint filed/docketed ☒ Statement of damages filed (if applicable) | 0398E000001/16/04CIVIL 130.00 |
| 2. | 02/12/04 | Summons with proof of service. | 0398E000001/16/04SURCHG CIV 15.00 |
| 3. | 02/27/04 | Deft's notice of filing of notice of removal to United States District Court for the District of Massachusetts. | |
| 4. | " | Deft's certificate of service. | |
| | " | Deft's request for certified copies of docket sheet and all pleadings. | |
| | 03/03/04 | Mailed to deft. | |

1st Asst. Clerk-Magistrate
Acting

DATE OF ENTRY OF JUDGMENT   ☐ CIVIL   ☐ SUMMARY PROCESS

☐ Judgment for _____.

☐ $_____ damages, plus $_____ prejudgment interest and $_____ costs
plus $_____ interest from date of judgment entry to date of execution

☐ Possession

JUDGMENT TOTAL $
EXECUTION TOTAL $

☐ Judgment on defendant's counterclaim for _____.
☐ $_____ damages, plus $_____ prejudgment interest and $_____ costs
plus $_____ interest from date of judgment entry to date of execution.

COUNTERCLAIM JUDGMENT TOTAL $
COUNTERCLAIM EXECUTION TOTAL $

DC-CV1 (4/90)

# Commonwealth of Massachusetts
# District Courts of Massachusetts

MASSACHUSETTS TRIAL COURT, PALMER DIVISION

_____Hampden_____ ss   FEB 1 2 2004                                   Palmer, Mass.

Marian Ludkiewicz
_____
                    Plaintiff(s)                   Civil Action No. 03430347

              v

Unum Life Insurance Co. of America
_____
                    Defendant(s)        **SUMMONS**
                                         (Rule 4)

To defendant _Unum Life. Ins. Co. of Amercia_ of _2211 Congress St., Portland, ME_
                    (name)                                    (address)
You are hereby summoned and required to serve upon _Michael J. Chernick, Esq._ , plaintiff('s
attorney), whose address is _73 State St., Ste. 310, Spfld., MA 01103_ , a copy of your answer to
the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of
the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this
court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above
requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You
need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you
may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of
the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS _Patricia T. Poehler_ , Presiding Justice, on _1-26-04_
                                                                                        (date)
(SEAL)                                              _C. Donald Riddle_
                                                             Clerk – Magistrate

Note: (1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons
         is used for each defendant, each should be addressed to the particular defendant.
      (2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons
         before it is served.

## RETURN OF SERVICE

On _02-04-04_ , I served a copy of the within summons, together with a copy of the
     (date of service)
complaint in this action, upon the within named defendant, in the following manner (see Rule 4 (d) (1-5)):

                                                      _____
                                                                (signature)
                                                      _D/ Chuist_
                                                      (name and title)

A True Copy Attest
_Robert Marino_
                                                      _____
                                                             (address)

Note: (1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney,
         as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within
         the same time during which the person served must respond to the process. Rule 4(f).
      (2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original re-
         turned to the court and on the copy returned to the person requesting service or his attorney.
      (3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons
         to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the
         summons was sent (G.L. c. 223, sec. 31).

ATENCIÓN Esta es una notificación oficial de la cort Si usted no sabe leer inglés, obtenga traducción.

FEB 1 2 2004



# CUMBERLAND COUNTY SHERIFF'S OFFICE
## CIVIL DIVISION

## RETURN OF SERVICE

STATE OF MAINE
CUMBERLAND COUNTY,

DATE OF SERVICE 2-4-04

I have this day made service of the  Summons/Complaint

by serving the within named Unum Life Insurance Co.

by delivery a copy to _____
a person of suitable age and discretion then residing at persons usual place of abode.

by delivering a copy to Michelle Kapschull (Legal Dept.)
An agent authorized by appointment or by law to receive service of process.

The said process was served this day at 300 Southborough Dr. Scarb. ME

_Sammy J. Rinaldi_
Deputy Sheriff

Service:                                    $ _____
        Travel, _____ miles               $ _____
        Postage                            $ _____
        Administrative Fee                 $ _____

                        Amount             $ 45.00

STATE OF MAINE
CUMBERLAND, ss.

PERSONALLY APPEARED the above-named Sammy S. Rinaldi made oath that the foregoing Affidavit is true and correct to the best of his/her knowledge and belief.

Before me,
Dated: 2/5/04

_Julie A. Kilbride_
Notary Public

JULIE A. KILBRIDE
Notary Public, Maine
My Commission Expires October 28, 2010

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH

HAMPDEN, SS                DISTRICT COURT DEPARTMENT
                           PALMER DIVISION
                           CIVIL ACTION NO. 0343 CV-347

MARIAN LUDKIEWICZ,                    )
      Plaintiff                       )
                                      )
v.                                    )
                                      )
UNUM LIFE INSURANCE COMPANY OF AMERICA, )
      Defendant                       )

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

1. The Plaintiff, MARIAN LUDKIEWICZ, is a natural person residing at 1041 Pine Street, Palmer, Hampden County, Massachusetts.

2. The Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, is a corporation licensed to do business in the Commonwealth of Massachusetts with a usual place of business at 2211 Congress Street, Portland, Maine.

### COUNT I

3. On or about March 1, 1995, the Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, issued a standard group disability income insurance policy providing coverage to the Plaintiff, MARIAN LUDKIEWICZ, for coverage against disability or other loss resulting from sickness or injury.

4. UNUM LIFE INSURANCE COMPANY OF AMERICA policy number 101904 issued to the Plaintiff's employer, EC Baldonado Corporation dba The EC Corporation, was in effect from March 1, 1995 to the present, and was in full force on March 25, 2001.

5. On or about March 25, 2001, the Plaintiff, MARION LUDKIEWICZ, was employed by EC Baldonado Corporation dba The EC Corporation, and was eligible for benefits under the group disability income insurance policy provided by the Defendant.

6. On or about March 25, 2001, the Plaintiff, MARION LUDKIEWICZ, was deemed unfit from performing the material and substantial duties of his regular occupation by his medical provider.




7. As a result of said medical condition, the Plaintiff filed an application for disability benefits with the Defendant.

8. The Defendant did receive disability benefits from October, 1998 through March, 2001.

9. Subsequently. the Defendant discontinued the plaintiff's disability benefits, alleging the plaintiff could perform "sedentary or light work" and plaintiff has not been paid any disability income benefits since March 25, 2001, despite receipt of medical documentation substantiating Plaintiff's ongoing disability which prohibits him from performing the material and customary duties of his regular occupation.

10. The Defendant refused and still refuses and neglects to carry out the terms of the disability income policy.

11. The Plaintiff has at all times cooperated fully with the Defendant in accordance with the terms and provisions of the disability income insurance policy issued by the Defendant.

WHEREFORE, the Plaintiff, MARIAN LUDKIEWICZ, demands:

1. That the Defendant be ordered to reinstate Plaintiff's disability income benefits, including retroactive benefits dating back to the date of the last benefits payment made;

2. The Defendant be ordered to pay the Plaintiff interest, costs and attorney's fees; and

3. For any such further relief as this Court deems reasonable.

## COUNT II

12. The Plaintiff repeats, realleges and incorporates by reference the allegations in Paragraphs 1 through 11, as if specifically contained herein.

13. The Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, has denied disability income benefits to the Plaintiff in accordance with the terms and conditions of the policy.

14. By certified mail dated May 21, 2003, the Plaintiff, through counsel, sent the Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, a demand letter under the provisions of M.G.L. c. 93A and M.G.L. c. 176D setting forth the details of his claim referred to in Count I hereinabove. (See Exhibit "A", which is attached and incorporated herein.)

15. The Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, has refused to pay any additional disability income benefits or make any reasonable offers of settlement in response to said demand letter.

16. The Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, is separately liable for the aforementioned statutory violations in the amount of whatever judgment is rendered to in this lawsuit and all legal fees related thereto.

17. Further, Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA'S violation being willful and knowing, subjects the Defendant to treble damages.

WHEREFORE, the Plaintiff, MARIAN LUDKIEWICZ, demands judgment against the Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, as follows:

1. For compensation for the said injuries he received as a result of said Defendant's breach of contract;

2. For treble damages as provided by M.G.L. c. 93A and M.G.L. c. 176D; and

3. For attorney's fees, interests and costs.

PLAINTIFF RESPECTFULLY DEMANDS THAT ALL ISSUES OF FACT BE TRIED BEFORE A JURY.

THE PLAINTIFF,
MARIAN LUDKIEWICZ

By: _____
Michael J. Chernick, Esquire
73 State Street, Suite 310
Springfield, MA 01103
(413) 733-1312
BBO No. 543616

# Michael J. Chernick - Attorney at Law

Anne G. Chernick, of Counsel

73 State Street • Suite 310 • Springfield MA 01103 • Tel: 413.733.1312 • Fax: 413.733.2624

May 21, 2003

Katherine A. Durrell, Senior Appeals Specialist
Unum Life Insurance Company of America
2211 Congress Street
Portland, ME 04122

CERTIFIED MAIL - Return Receipt Requested

RE:  Claimant:    Marian Ludkiewicz
     Policy No.:  00101904-0001
     Claim No.:   098551941

Dear Ms. Durrell:

    Please be advised this office represents **Marian Ludkiewicz** for the purpose of his seeking benefits under the terms and conditions of his personal disability policy as underwritten by Unum Life Insurance Company of America. This letter is to put Unum Life Insurance Company of America on notice of its unfair and deceptive acts and practices, evidenced by its continuing wrongful failure to follow the statutory claims settlement practices set forth in M.G.L.c. 93A and M.G.L.c. 176D. The Insurer has failed to effectuate the prompt, fair and equitable payment of Mr. Ludkiewicz's ongoing disability claim which has been acknowledged by the Insurer and well documented by Mr. Ludkiewicz's medical providers.

    The specific statutory provisions to which I refer above are the following:

    1.    M.G.L.c. 176, §3(9). Unfair claim settlement practices: an unfair claim settlement practice shall consist of any of the following acts or omissions:...(d) Refusing to pay claims without conducting a reasonable investigation based upon all available information;...(f) Failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;...(n) Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

A True Copy Attest

*[signature]*
Clerk Magistrate
Acting

Katherine A. Durrell, Senior Appeals Specialist
Unum Life Insurance Company of America
Claimant:     Marian Ludkiewicz
Policy No.:   00101904-0001
Claim No.:    098551941
May 21, 2003
Page Two

    2.    M.G.L.c. 93A, §2. (a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

    3.    M.G.L.c. 93A, §9. (1) Any person...whose rights are affected by another person violating the provisions of clause (() of Section 3 of Chapter 176D may bring an action ion the Superior Court...for damages...(3A) A person may assert a claim under this section in a District Court...for money damages only. Said damages may include double or treble damages, attorneys' fees and costs, as herein provided.

    The circumstance which forms the basis of Mr. Ludkiewicz's claims against Unum Life Insurance Company of America results from your correspondence dated October 17, 2001, in which you stated, "Our medical staff noted that Mr. Ludkiewicz's diabetes and hypertension are variably controlled by medication depending on his compliance with his treatment. The records do not support limitations due to his angina or cardiac symptoms that would prevent **sedentary or light work**....(a)dditionally, his peripheral vascular diseases would not preclude sedentary or light work capacity on a fully time basis."

    I have enclosed for your review office notes from Mani George, MD, dated March 15, 2001, which clearly outlines Mr. Ludkiewicz's medical condition and its pertinence to Mr. Ludkiewicz's work related activities. Further, Dr. George opined that Mr. Ludkiewicz's "medical condition is very poor and I expect him to run into complications soon..". Moreover, Dr. George noted that his diabetic condition is "poorly controlled on medication."

    Under the terms and conditions of a personal disability policy written by Unum Life Insurance Company of America dated March 1, 1995, and titled "Long Term Disability Benefit Information", a disability is defined as "...you are limited from **performing the material and substantial duties of your regular occupation** due to your sickness or injury." The policy further goes on to describe limited as being "what you cannot or are unable to do."; and material and substantial duties as those that "are normally required for the performance of your regular occupation; and cannot be reasonably omitted or modified."

    I can find no reference in Unum's own policy which give Unum the right to deny benefits if a person can do modified duty. The policy is very specific: an individual is entitled to benefits if one is limited from performing "material and substantial duties" of one's regular occupation.



Katherine A. Durrell, Senior Appeals Specialist
Unum Life Insurance Company of America
Claimant: Marian Ludkiewicz
Policy No.: 00101904-0001
Claim No.: 098551941
May 21, 2003
Page Three

In <u>Zakon v. Metropolitan life Ins. Co.</u>, 104 N.E.2d 603, 328 Mass. 486 (1952), the Court held that, "Complete physical or mental incapacity of insured is not essential to his total disability, but it is sufficient that his disability is such that it prevents him from performing remunerative work of a substantial and not merely trifling character."

Further, in <u>Manzi v. Provident Mutual Life Ins. Co.</u>, 138 N.E.2d 581, 335 Mass. 71 (1957), the Court found "Where insurance policy provided benefits for total disability, fact that...insured...could do light work occasionally, did not establish lack of total disability as a matter of law."

You have previously been provided with all necessary and appropriate disabling information. Additionally, Mr. Ludkowiecz has been awarded Social Security Disability benefits since the onset of this claim.

In view of the foregoing, and consistent with the position established and Massachusetts case law as outlined above, I hereby make demand upon Unum Life Insurance Company of America to satisfy the conditions of Mr. Ludkiewicz's policy. More specifically, Unum Life Insurance Company of America should reinstate Mr. Ludkiewicz's disability benefits, including retroactive benefits dating back to on or about March 25, 2001, the date of Mr. Ludkiewicz's last payment, plus 12% interest on unpaid benefits, and continuing into the present until Mr. Ludkiewicz is released to perform his usual tasks and duties of his regular occupation.

You are hereby advised that should Unum Life Insurance Company of America fail to fulfill the terms of Mr. Ludkiewicz's disability policy within thirty days of receipt of this letter, our client will consider all of his legal rights and remedies including filing a Complaint contending that Unum Life Insurance Company of America has violated the provisions of M.G.L.c. 93A and M.G.L.c. 176D and that such unfair claim settlement practices are a willful and knowing violation of M.G.L.c. 93A. Such Complaint will include a claim for treble damages, costs and attorney's fees pursuant to the provisions of said statutes.

We are standing by awaiting your response.

Very truly yours,

Michael J. Chernick

MJC:mat

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Reciept Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

7002 2410 0004 4709 5496

PS Form 3800, June 2002        See Reverse for Instructions

---

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Katherine Dyrrell
UNUM Life Ins. Co.
2211 Congress St
Portland ME 04122

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Transfer from service label)
7002 2410 0004 4709 5496

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1035

*Robert Marino*
  Secretary

| STATEMENT OF DAMAGES<br>St. 1996, c. 358, § 5 | DATE FILED *(to be added by Clerk)*<br>9/12/03 | DOCKET NO. *(to be added by Clerk)*<br>0343CV347 | Trial Court of Massachusetts<br>District Court Department |
|---|---|---|---|
| PLAINTIFF(S)<br>Marian Ludkiewicz | | DEFENDANT(S)<br>Unum Life Insurance Company of America | |
| INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES IN BARNSTABLE, BERKSHIRE, BRISTOL, DUKES, ESSEX, FRANKLIN, HAMPDEN, HAMPSHIRE, MIDDLESEX, NANTUCKET AND NORFOLK COUNTIES. | | Palmer _____ DISTRICT COURT | |

### TORT CLAIMS | AMOUNT

A. Documented medical expenses to date:
   1. Total hospital expenses: .......................................... $ _____
   2. Total doctor expenses: ............................................. $ _____
   3. Total chiropractic expenses: ...................................... $ _____
   4. Total physical therapy expenses: ................................. $ _____
   5. Total other expenses *(Describe):* _____ $ _____

   _____

   SUBTOTAL: $ _____

B. Documented lost wages and compensation to date: ................. $ _____
C. Documented property damages to date: ............................. $ _____
D. Reasonably anticipated future medical and hospital expenses: ... $ _____
E. Reasonably anticipated lost wages: ................................. $ _____
F. Other documented items of damage *(Describe):* _____ $ _____

G. Brief description of Plaintiff's injury, including nature and extent of injury *(Describe):*

_____
_____
_____

For this form, disregard double or treble damage claims; indicate single damages only.    TOTAL: $

### CONTRACT CLAIMS | AMOUNT

Provide a detailed description of claim(s): Plaintiff alleges breach of contract          approx. $16,170.00
for failure to pay disability benefits pursuant to his group policy.                      and continuing
Plaintiff also alleges MGLc 93A and 176D violations for failure to
engage in reasonable settlement negotiations.
For this form, disregard double or treble damage claims; indicate single damages only.   TOTAL: $16,170.00 to date

ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF):
*[Signature]*   9/8/03
Signature    Date
Michael J. Chernick    543616
Print or Type Name    B.B.O.#
73 State St., Ste. 310, Spfld., MA 01103
Address

DEFENDANT'S NAME AND ADDRESS:

*[Signature: Robert Marino]*

4/02