UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIAN LUDKIEWICZ, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>UNUM LIFE INSURANCE COMPANY )<br>OF AMERICA )<br>)<br>Defendant ) | Civil Action No. 04-30039-MAP |

## DEFENDANT'S MOTION TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Unum Life Insurance Company of America ("Unum") hereby moves to dismiss Plaintiff Marian Ludkiewicz' Complaint on the basis that, consistent with the overwhelming case law from United States Supreme Court and the First Circuit, Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA").

### INTRODUCTION

Plaintiff was employed by EC Baldonado Corporation d/b/a The EC Corporation (the "Employer"). (Complaint ¶ 5.) At all times relevant to this litigation, Unum had issued a group long-term disability ("LTD") insurance policy (the "Policy") to the employee welfare benefit plan of the Employer (*Id.* ¶ 4.) Plaintiff was a participant in the plan and thus was eligible for benefits under the Policy, assuming he met the requirements of the Policy. (*Id.* ¶¶ 3, 4.) Plaintiff thereafter applied for LTD benefits under the Policy. (*Id.* ¶ 7.) After investigating Plaintiff's claim for benefits, Unum concluded that the medical records submitted by Plaintiff's physicians

{W0212710.1}

did not support his allegations of disability and that he was ineligible for LTD benefits under the terms of the Policy. (*Id.* ¶¶ 9, 10, 15.)

Plaintiff then filed the present lawsuit raising two claims. First, Plaintiff alleges that Unum's denial of LTD benefits breached the terms of the Policy. (Complaint, Count I.) Second, Plaintiff alleges that Unum's decision to deny benefits amounts to an unfair and deceptive trade practice under Mass. Gen. Laws ch. 93A and 176D. (Complaint, Count II).

Unum now moves to dismiss Plaintiff's Complaint. As explained more fully below, Plaintiff's state law claims are preempted by ERISA. Because ERISA provides the exclusive remedies for disputes over the payment (or denial) of benefits under employee welfare benefit plans, Plaintiff's state law claims must be dismissed.

## ARGUMENT

### I. Standard of Review.

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded facts contained in the complaint, indulging all reasonable inferences in the plaintiff's favor. *See Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 56 (1st Cir. 2002); *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999). The Court may dismiss the complaint "when the facts alleged, if proven, will not justify recovery." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).

### II. Plaintiff's State Claims Are Preempted Under ERISA.

Under ERISA, an "employee welfare benefit plan" is defined as a "plan, fund or program ... established or maintained by an employer ... for the purpose of providing ... through the purchase of insurance or otherwise ... benefits in the event of ... disability." 29 U.S.C. § 1002(1). Plaintiff has admitted that the Policy was a group long-term disability benefits policy issued by Unum to his employer (Complaint ¶¶ 3-5.) Thus, it is clear that the Policy under

which Plaintiff seeks benefits constitutes an "employee welfare benefit plan" as defined and governed by ERISA. *See* 29 U.S.C. § 1002(1).

ERISA provides a series of civil enforcement remedies for plaintiffs who have been denied benefits under a group employee welfare benefit plan. A plaintiff may file an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). These federal remedies are the "exclusive civil enforcement provisions" available under ERISA. *Danca v. Private Health Care Systems, Inc.*, 185 F.3d 1, 5 (1st Cir. 1999). ERISA also contains a broad, general preemption clause that expressly "supersedes any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).

Under governing Supreme Court and First Circuit caselaw, the effect of ERISA's codification of a series of exclusive remedies and the inclusion of the general preemption clause is the preemption of all state laws that: (1) amount to "alternative enforcement mechanisms" to those provided in ERISA § 1132 (known as express preemption); or (2) present the threat of conflicting and inconsistent regulation that would frustrate uniform national administration of ERISA plans (known as conflict preemption). *See New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656-58 (1995); *Danca*, 185 F.3d at 6. Plaintiff's breach of contract and chapter 93A and 176D claims are preempted under both analyses.

### A. Plaintiff's Claims are Barred by the "Express Preemption" Principles of ERISA.

ERISA was enacted by Congress to define and limit employees' rights under group employee welfare benefit plans established by employers throughout the nation. In the seminal decision of *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987), the United States Supreme Court

held that ERISA preempts state law and provides for exclusive federal remedies over disputes concerning the payment of benefits under ERISA-regulated employee benefit plans. In so holding, the Supreme Court noted that ERISA's express preemption clause is to be broadly construed to effectuate its intent to replace "any and all state laws" that "relate" to an ERISA plan. *See id.* at 48.

"State law" in turn is expansively defined under ERISA to include "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. §1144(c). Moreover, Congress used the words "relate to" in their "broad common-sense meaning" of having "a connection with or reference to ... a plan." *Pilot Life Ins. Co.*, 481 U.S. at 47; *see Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983). As the Supreme Court has held, the "policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Pilot Life Ins. Co.*, 481 U.S. at 54.

Therefore, any claim under state statutory or common law that "relates to" an ERISA plan is expressly preempted under federal law and may not be maintained. And a claim "relates to" an ERISA plan if "it has a connection with or reference to such a plan," *Carlo v. Reed Rolled Thread Die Co.*, 49 F.3d 790, 793-94 (1st Cir. 1995), or if "the trier of fact necessarily would be required to consult the ERISA plan to resolve the plaintiff's claims." *Harris v. Harvard Pilgrim Health Care*, 208 F.3d 274, 281 (1st Cir. 2000) (concluding that "state-law claims for unfair and deceptive trade practices are preempted by ERISA" because the court necessarily would have to refer to the plan to determine whether the defendant breached its duties).

In support of his claims, Plaintiff alleges that "the Defendant discontinued the plaintiff's disability benefits . . . and has not been paid any disability income benefits since March 25, 2001,

despite receipt of medical documentation substantiating Plaintiff's ongoing disability which prohibits him performing the material and customary duties of his regular occupation." (Complaint, ¶ 9.) Plaintiff further alleges that Unum "refused and still refuses and neglects to carry out the terms of the disability income policy." (*Id.* ¶ 10; *see also*, ¶¶ 13, 15.) Thus, in order to determine whether Defendant did, in fact, wrongly deny benefits and refused to "carry out the terms of the . . . policy," the Court obviously would have to refer to, and incorporate, the terms of the Policy itself. (*Id.*) Because Plaintiff's Complaint is intertwined with the language and duties imposed on Defendant under the terms of the Policy, it is beyond dispute that Plaintiff's state law claims "relate to" the ERISA-governed Policy, and therefore are expressly preempted.

Numerous decisions by the Supreme Court, the First Circuit and this Court have repeatedly found comparable state statutory and common law claims arising from the denial of benefits under an ERISA plan to be expressly preempted. *See, e.g., Pilot Life Ins. Co*, 481 U.S. at 48 (common law claims for tortious breach of contract and breach of fiduciary duty preempted by ERISA); *Dudley Supermarket v. Transamerica Life Ins.*, 302 F.3d 1, 4 (1st Cir. 2002) (state law claims preempted where they fell "squarely within the exclusive scope of the federal civil enforcement provisions of ERISA"); *Harris*, 208 F.3d at 281 (chapter 93A claim preempted by ERISA); *Hampers v. W.R. Grace & Co.*, 202 F.3d 44, 51-53 (1st Cir. 2000) (common law breach of contract claim preempted by ERISA); *Brigham v. Sun Life of Canada*, 183 F. Supp. 2d 427, 428 (D. Mass. 2002) (discussing prior dismissal of breach of contract and ch. 93A claims on ERISA preemption grounds), *aff'd*, 317 F.3d 73 (1st Cir. 2003); *Andrews-Clarke v. Lucent Technologies, Inc.*, 157 F. Supp. 2d 93, 104 (D. Mass. 2001) ("It is well-established that state law claims based on the improper processing of a claim for benefits are preempted by ERISA since the existence and terms of the plan are critical to the plaintiff's claims."); *Tuohig v.*

*Principal Insurance Group*, 134 F. Supp. 2d 148, 154 (Mass. 2001) (Plaintiff's "claim under Chapter 93A is based on the defendant's alleged knowing and willful failure ... to pay benefits under the policy 'when it became clear the beneficiary was entitled to the benefit'.... Therefore, because the claim is closely related to the denial of benefits under the plan, it is preempted under ERISA.").

As the First Circuit has explained, "[w]hat matters, in our view, is that the conduct was indisputably part of the process used to assess a participant's claim for a benefit payment under the plan. As such, any state-law-based attack on this conduct would amount to an 'alternative enforcement mechanism' to ERISA's civil enforcement provisions" and is expressly preempted. *Danca*, 185 F.3d at 6. Here, as explained above, any evaluation of whether Defendant failed to fulfill its duties under the terms of the Policy is inextricably tied to the language of the Policy itself. As such, Plaintiff's contract and chapter 93A and 176D claims are expressly preempted by ERISA.

**B.     Plaintiff's Claims are Barred by the "Conflict Preemption" Principles of ERISA.**

A state cause of action is also preempted to the extent it "conflicts with an ERISA cause of action." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142 (1990); *see Pilot Life Ins. Co*, 481 U.S. at 54. The Supreme Court repeatedly has held that ERISA preempts state laws to the extent that they "conflict[ ] with the provisions of ERISA or operate[ ] to frustrate its objects." *Boggs v. Boggs*, 520 U.S. 833, 841 (1997); *see also Egelhoff v. Egelhoff*, 532 U.S. 141 (2001). ERISA § 1132(a) contains a civil enforcement provision that includes a range of remedies for ERISA plan participants. The civil enforcement scheme of ERISA "is one of the essential tools for accomplishing the stated purposes of ERISA," *Pilot Life Ins. Co.*, 481 U.S. at 52, and the statute's "civil enforcement remedies were intended to be exclusive." *Id.* at 54.

Accordingly, the First Circuit and this Court have held that a plaintiff's state law claims based on an alleged denial of benefits under an employee benefit plan are preempted because the federal statutory remedy provided by ERISA is the exclusive means by which a plan participant or beneficiary may obtain redress. *See, e.g., Hotz v. Blue Cross & Blue Shield*, 292 F.3d 57, 60 (1st Cir. 2002) (finding chapters 93A and 176D claims preempted because they offer remedies "at odds" with those available under ERISA); *Hampers*, 202 F.3d at 51(noting that ERISA's purpose was "to ensure that plans and plan sponsors would be subject to a uniform body of benefits law") (internal quotation omitted); *Turner v. Fallon Comm. Health Plan*, 127 F.3d 196, 198-99 (1st Cir. 1997) ("ERISA's express remedies are a signal to courts not to create additional remedies of their own."); *see also Andrews-Clarke v. Lucent Tech., Inc.*, 157 F. Supp. 2d 93, 105 (D. Mass. 2001) ("[P]laintiff's claims must be deemed preempted for the additional reason that the ERISA statute provides an exclusive remedy for wrongful denial of benefit claims, and parties cannot maintain actions distinct from those provided by the ERISA statute."). Because Plaintiff's attempt to impose obligations on Defendant under Massachusetts' common law and chapters 93A and 176D would conflict with the comprehensive and exclusive nature of ERISA, Plaintiff's state law claims are inconsistent with the intent of ERISA and therefore are preempted.

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the Court grant its motion and dismiss Plaintiff's Complaint. Furthermore, because ERISA provides no right to trial by jury, Plaintiff's demand for jury trial must be stricken.

Dated: April 21, 2004

                                         *[signature]*
                                         Geraldine G. Sanchez
                                         PIERCE ATWOOD
                                         One Monument Square
                                         Portland, ME 04101
                                         (207) 791-1100

                                         Attorneys for Defendant
                                         Unum Life Insurance Company of America

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the within pleading was served upon counsel for Plaintiff, via overnight mail, postage prepaid, addressed as follows:

>   Michael J. Chernick, Esq.
>   73 State Street, Suite 310
>   Springfield, MA 01103

DATED: April 21, 2004

Geraldine G. Sanchez

PIERCE ATWOOD
One Monument Square
Portland, ME 04101
(207) 791-1100

*Attorneys for Defendant*
*Unum Life Insurance Company of America*