UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIAN LUDKIEWICZ,<br><br>      Plaintiff<br><br>v.<br><br>UNUM LIFE INSURANCE<br>COMPANY OF AMERICA,<br><br>      Defendant | Civil Action No. 04-30039-MAP |

## ANSWER TO AMENDED COMPLAINT

Defendant Unum Life Insurance Company of America ("Unum") hereby answers Plaintiff's Amended Complaint as follows:

### FIRST DEFENSE

#### Parties

1.  Defendant Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

2.  Defendant Unum admits the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

#### Jurisdiction and Venue

3.  Paragraph 3 of Plaintiff's Amended Complaint states a legal conclusion to which no response is required.

4.  Paragraph 4 of Plaintiff's Amended Complaint states a legal conclusion to which no response is required.

{W0240502.1}

## Facts

5. Defendant Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

6. Defendant Unum admits the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

7. Defendant Unum denies the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint.

8. In response to the allegations contained in Paragraph 8 of the Amended Complaint, Defendant Unum states that the terms and conditions of the Policy speak for themselves, and denies any material allegations to the contrary.

9. Defendant Unum admits the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.

10. Defendant Unum admits it sent Plaintiff a letter dated November 9, 2000, the contents of which speak for themselves and denies any allegations to the contrary.

11. Defendant Unum admits it sent Plaintiff a letter dated November 9, 2000, the contents of which speak for themselves and denies any allegations to the contrary.

12. In response to the allegations contained in Paragraph 12 of the Amended Complaint, Defendant Unum states that the terms and conditions of the Policy speak for themselves, and denies any material allegations to the contrary.

13. In response to the allegations contained in Paragraph 13 of the Amended Complaint, Defendant Unum states that the terms and conditions of the Policy speak for themselves, and denies any material allegations to the contrary.

14. Defendant Unum denies the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

15. Defendant Unum denies the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

## SECOND DEFENSE

The Amended Complaint and each and every purported claim for relief therein fail to state a claim for which relief can be granted.

## THIRD DEFENSE

To the extent the Amended Complaint seeks remedies not provided for under ERISA, those remedies are preempted by ERISA. *Pilot Life v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

## FOURTH DEFENSE

The recovery herein, if any, is limited to the terms, conditions, limitations, exclusions and other provisions of the Policy.

## FIFTH DEFENSE

Defendant Unum has complied with and performed all of its promises, obligations and duties to Plaintiff under the Policy and the handling of the claim for disability benefits under the Policy complied fully with the terms and conditions of ERISA.

## SIXTH DEFENSE

The demand for attorneys' fees should not be granted under ERISA because Defendant Unum's handling of the claim was reasonable and all actions in the handling of said claim were taken in good faith.

## SEVENTH DEFENSE

Each and every act or statement done or made by Defendant Unum and its officers, employees and agents with reference to Plaintiff was a good-faith assertion of Defendant's rights and, therefore, was privileged and/or justified.

## EIGHTH DEFENSE

The Policy contains monthly benefits reductions, including but not limited to reductions for Worker's or Workmen's Compensation awards and Social Security benefits.

## NINTH DEFENSE

Even if Plaintiff is currently disabled and eligible for benefits under the terms of the Policy, which contentions Defendant denies, such determinations do not mean that Plaintiff is entitled to unlimited future benefits under the Policy given, *inter alia*, the possibility of recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

## TENTH DEFENSE

Defendant Unum's decisions were neither arbitrary nor capricious.

## REQUESTED RELIEF

Defendant Unum Life Insurance Company of America respectfully requests: (i) that the Court dismiss the claims against Unum with prejudice and that judgment be entered in Unum's favor on such claims; (ii) that Unum be awarded its costs of suit incurred herein, including reasonable attorneys' fees; and (iii) that the Court grant such other relief as is appropriate under the circumstances of this case.

DATED: May 19, 2004

                                             _____
                                             Geraldine G. Sanchez
                                             PIERCE ATWOOD
                                             One Monument Square
                                             Portland, ME 04101
                                             (207) 791-1100

                                             Attorneys for Defendant
                                             Unum Life Insurance Company of America

## **CERTIFICATE OF SERVICE**

I hereby certified a copy of the within Answer to Amended Complaint was served upon counsel for Plaintiff, via overnight mail, addressed as follows:

>Judd L. Peskin, Esq.
>Weiner and Peskin, P.C.
>95 State Street, Suite 918
>Springfield, MA 01103
>
>Michael J. Chernick, Esq.
>73 State Street, Suite 310
>Springfield, MA 01103

DATED: May 19, 2004

*/s/ Geraldine G. Sanchez*
Geraldine G. Sanchez